# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | **CRIMINAL NO. H-09-CR-325** |
| **v.** | § | |
| | § | |
| **FERNANDO MAYA BASURTO,** | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Steven A. Tyrrell, Chief of

the Fraud Section, Criminal Division, United States Department of Justice, and

Nicola J. Mrazek, Trial Attorney, and the defendant, Fernando Maya Basurto, and

the defendant's counsel, William G. Rosch, pursuant to Rules 11(c)(1)(A) and

11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have

entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees to plead guilty to Count One of the Superseding

Criminal Information filed with this agreement, which charges defendant with

conspiracy to violate the laws of the United States in violation of Title 18, United

States Code, Section 371, specifically, violations of the Foreign Corrupt Practices

Act, 15 United States Code, Sections 78dd-1, *et seq.,* Money Laundering, 18

Page 1 of 19

United States Code 1956, and Falsification of Records in a Federal Investigation, 18 U.S.C. § 1519. The defendant, by entering this plea, agrees that he is waiving indictment on this charge and any right to have the facts that the law makes essential to the punishment of the offense charged in the Superseding Criminal Information proved to a jury or proved beyond a reasonable doubt.

## Punishment Range

2.      The statutory maximum penalty for a violation of Title 18, United States Code, Section 371 is imprisonment of not more than 5 years and a fine of not more than $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s), whichever is greater. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2).

3.      The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code Section 3583(e)(3). The defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

4.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court  a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box 61010,  Houston, Texas  77208, Attention: Finance.

## Restitution, Forfeiture, and Fines

5.      This plea agreement is being entered into by the United States on the basis of defendant's express representation that the defendant will make a full and complete disclosure of all assets over which defendant exercises direct or indirect control, or in which defendant has any financial interest.

6.      The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.  Defendant agrees to discuss or answer any

questions by the United States relating to the defendant's complete financial disclosure.

7.      The defendant agrees to pay restitution to the victims, if applicable, regardless of the counts of conviction. Defendant understands that the Court will determine the amount of full restitution to compensate all victims.

8.      The defendant understands that under the Sentencing Guidelines, the Court may order the defendant to pay a fine to reimburse the government for the costs of any imprisonment or term of supervised release.

9.      The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment.

10.     The defendant agrees to forfeit to the United States in the form of a money judgment against him, voluntarily and immediately, all of his right, title and interest to all assets, and/or their substitutes, which are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461 as follows: the sum of $2,030,076.74. The defendant's forfeiture obligation shall be joint and several with that of his co-conspirators.

a.   The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to assets to the United States in satisfaction of the Forfeiture Judgment, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that the property covered by this Forfeiture Judgment is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

b.   The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## Cooperation

11.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.  The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the Criminal Division of the United States Department of Justice.  Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure

pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>.

The defendant further agrees to persist in his plea of guilty through sentencing,

fully cooperate with the United States, and not oppose the forfeiture of assets

contemplated in paragraph 11 of this agreement.   The defendant understands and

agrees that the United States will request that sentencing be deferred until that

cooperation is complete.

12.     The defendant understands and agrees that "fully cooperate" as used

herein, includes providing all information relating to any criminal activity known

to the defendant.  The defendant understands that such information includes both

state and federal offenses.  In that regard:

a.     The defendant agrees that this plea agreement binds only the Criminal Division of the U.S. Department of Justice and the defendant; it does not bind any United States Attorney or any other Division of the Department of Justice;

b.     The defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.  The defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

c.     The defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

d.     The defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by the defendant to a grand jury or at any court proceeding (criminal

or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes; and

e.      The defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

f.      Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

13.     The defendant is aware that Title 18, United States Code, Section 3742, affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive his right to appeal the sentence imposed or the manner in which it was determined, except that the defendant reserves the right to appeal a sentence imposed above the statutory maximum.

14.     Additionally, the defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives his right to contest his conviction or sentence by means of any post-conviction proceeding, and the defendant also waives his right to appeal his conviction.

15.    If the defendant instructs his attorney to file a notice of appeal of his sentence or of his conviction, or if the defendant instructs his attorney to file any other post-conviction proceeding attacking his conviction or sentence, the defendant understands that the United States will seek specific performance of defendant's waivers in this plea agreement of the defendant's right to appeal his sentence or conviction and of the defendant's right to file any post-conviction proceedings attacking his conviction or sentence.

16.    In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, from the United States, or from the U.S. Probation Office is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the U.S. Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.  The defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 543 U.S. 220 (2005).  Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the defendant, the Court is not

bound to follow the Sentencing Guidelines nor to sentence the defendant within the calculated guideline range.

17.     The defendant understands and agrees that each and all waivers contained in this plea agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States of America's Agreements

18.     The United States agrees to each of the following:

a.     If the defendant pleads guilty to Count One of the Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the previously filed Indictment charging one count of conspiracy under Title 18, United States Code, Section 371, and three counts of structuring currency transactions under Title 31, United States Code, Section 5324(a)(3) and (d).

b.     Should the defendant accept responsibility as contemplated by the U.S. Sentencing Guidelines, the United States agrees not to oppose the defendant's  request to the U.S. Probation Office and to the Court that the defendant receive a  two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a).

c.     If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and if the offense level determined prior to the operation of 3E1.1(a) is level 16 or greater, the United States agrees not to oppose an additional one level downward adjustment for the defendant for a timely plea.

## United States of America's Non-Waiver of Appeal

19.     The United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines.  Specifically, the United States reserves the right:

    a.    to bring its version of the facts of this case, including its evidence and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

    b.    to set forth or dispute sentencing factors or facts material to sentencing;

    c.    to seek resolution of such factors or facts in conference with the defendant's counsel and the U.S. Probation Office;

    d.    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and with Title 18, United States Code, Section 3553(a); and

    e.    to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

20.     The defendant is aware that the sentence will be imposed after the Court's consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).  The defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which defendant pleads guilty and that

the sentence to be imposed is within the sole discretion of the sentencing judge

after the Court has consulted the applicable U.S. Sentencing Guidelines. The

defendant understands and agrees that the parties' positions regarding the

application of the U.S. Sentencing Guidelines do not bind the Court and that the

sentence imposed is within the discretion of the sentencing judge. If the Court

should impose any sentence up to the maximum established by statute, or should

the Court order any or all of the sentences imposed to run consecutively, the

defendant cannot, for that reason alone, withdraw his guilty plea and will remain

bound to fulfill all of his obligations under this plea agreement.

### Rights at Trial

21.    The defendant represents to the Court that he is satisfied that his

attorneys have rendered effective assistance. The defendant understands that by

entering into this agreement, he surrenders certain rights as provided in this plea

agreement. The defendant understands that the rights of a defendant include the

following:

      a.     If the defendant persisted in a plea of not guilty to the charges, the
defendant would have the right to a speedy jury trial with the
assistance of counsel. The trial may be conducted by a judge sitting
without a jury if the defendant, the United States, and the court all
agree.

b.    At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and his attorneys would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

c.    At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

22.    The defendant is pleading guilty because he is guilty of the charge contained in Count One of the Superseding Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the defendant's guilt:

a.    The defendant and Co-conspirator X were the principals of Mexican Company X, which served as a sales representative for foreign and domestic companies and sold and serviced computer equipment in Mexico. Mexican Company X entered into a sales representative agreement with Texas Business A, which was part of a U.S. subsidiary of a Swiss multi-national corporation. Texas Business A provided network management products and services to electrical utilities, including Comisión Federal de Electricidad ("CFE"), a Mexican state-owned electricity company. Mexican Company X provided Texas Business A with services related to CFE contracts, including the SITRACEN and Evergreen Contracts. Co-conspirator

John J. O'Shea was the General Manager of Texas Business A. O'Shea approved Mexican Company X as Texas Business A's sales representative and took a primary role on behalf of Texas Business A in the negotiation of CFE contracts.

b. The defendant participated in the conspiracy as an intermediary to help Texas Business A pay bribes to CFE officials in order to obtain business advantages from CFE, including obtaining the SITRACEN and Evergreen Contracts.

c. During the SITRACEN Contract, the defendant and his family members transferred money to CFE Official J. These funds were generated from Mexican Company X's commission payments from Texas Business A. The defendant learned that Texas Business A also used Intermediary Company S to transfer corrupt payments for CFE officials.

d. During the Evergreen Contract, the defendant, O'Shea, Co-conspirator X, and CFE Officials N and C agreed to an arrangement where CFE officials would receive approximately 10% of the contract revenue from the Evergreen Contract as bribes in return for assisting in the award of the Evergreen Contract to Texas Business A on favorable terms. These CFE officials had influence over the procurement process and Evergreen Contract's execution.

e. One of the defendant's responsibilities was to calculate the amount of corrupt payments owed to CFE officials during the course of the Evergreen contract and facilitating those bribes. The defendant also provided kickback payments to O'Shea.

f. The defendant received false invoices in the names of Intermediary Companies O and S from CFE Official 3 and transmitted them to Texas Business A. O'Shea approved payment on the invoices while knowing that no actual work had been performed. Texas Business A then sent payment in the form of wire transfers to Mexican and German bank accounts. Over $670,000 of corrupt payments were

paid in this manner.  Some of these funds were later used to pay for CFE Official N's son's military school in the United States.

g.    Consistent with the conspirators' agreement, the defendant requested that Texas Business A pay himself and his family members a portion of the corrupt payments owed to CFE officials via wire transfer, requesting that each payment be divided into smaller wire transfers and transferred to multiple U.S. accounts in a variety of names to reduce the suspicion that might arise from large wire transfers. O'Shea authorized these wire transfers, knowing their true purpose. The conspirators sometimes referred to this portion of the bribes as the money for the "Good Guys."

h.    After the defendant and his family members received the "Good Guys" funds, the defendant caused the wire transfer of approximately $200,000 of these funds to be made to a Merrill Lynch brokerage account.  Approximately half of these funds were later wired, at CFE Official 3's direction, to the son-in-law of CFE Official N.  An additional $2,000 from this brokerage account was wire transferred to the brother of CFE Official C.  From the "Good Guys" funds wired to the defendant's and his family's accounts, the defendant also paid CFE Official C approximately $20,000 in cash.

i.    After O'Shea was terminated by his employer in August 2004, the conspirators, including the defendant, O'Shea, Co-conspirator Z, CFE Officials N, C, and G, and others engaged in a cover up by creating false, back-dated correspondence, as well as documents purporting to demonstrate the provision of genuine services.  The purpose of the fake correspondence was to form a fictional paper trail that would demonstrate a legitimate business relationship between Texas Business A and Intermediary Companies O and S.  O'Shea, CFE Official G, Co-conspirator C, and others signed this fake correspondence.  The conspirators also created fake documents relating to transfers from the defendant to the Merrill Lynch brokerage account. The defendant and other conspirators retained copies of this false documentation to use in case of a criminal investigation into the bribery scheme.

## Breach of Plea Agreement

23.    If the defendant should fail in any way to fulfill completely all of his obligations under this plea agreement, the United States will be released from its obligations under the plea agreement and the defendant's plea and sentence will stand. If at any time the defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the defendant's guilty plea and reinstate the prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

24.    Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the Criminal Division of the United States Department of Justice, whose judgment in that regard is final.

## Complete Agreement

25.    This written plea agreement, consisting of 19 pages, including the attached addendum of the defendant and his attorneys, constitutes the complete plea agreement between the United States, the defendant, and his counsel. No

promises or representations have been made by the United States except as set forth in writing in this plea agreement.  The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

26.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on this   1 6   day of November, 2009.

_____
Fernando Maya Basurto
Defendant

Subscribed and sworn to before me on this   1 6th   day of November, 2009.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

Page 16 of  19

APPROVED:

STEVEN A. TYRRELL, CHIEF
MARK F. MENDELSOHN,
DEPUTY CHIEF
FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_____

Nicola J. Mrazek
Trial Attorney
Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, Rm 4404
Washington, DC 20005
Tel.: (202) 514-8122
Fax.: (202) 514-7021

_____

William G. Rosch
Attorney for Defendant Fernando Maya Basurto
Admissions I.D. No. 1652
4605 Post Oak Place Dr., Suite 224
Houston, TX 77027
(713) 222-9595 (telephone)
(713) 222-0906 (fax)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| v. | § | **CRIMINAL NO. H-09-CR-325** |
| | § | |
| **FERNANDO MAYA BASURTO,** | § | |
| Defendant. | § | |

### PLEA AGREEMENT - ADDENDUM

I have fully explained to the defendant his rights with respect to the pending

Superseding Criminal Information.  I have reviewed the provisions of the United

States Sentencing Commission's <u>Guidelines Manual</u> and Policy Statements, and I

have fully and carefully explained to the defendant the provisions of those

Guidelines which may apply in this case.  I have also explained to the defendant

that the U.S. Sentencing Guidelines are only advisory and the Court may sentence

the defendant up to the maximum allowed by statute per count of conviction.

Further, I have carefully reviewed every part of this plea agreement with the

defendant.  To my knowledge, the defendant's decision to enter into this

agreement is an informed and voluntary one.

_____          Nov. 14. 2009
William G. Rosch                         Date

Attorney for the Defendant


I have consulted with my attorney and fully understand all my rights with respect to the Superseding Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> that may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.


_____     Nov. 16, 2009.
Fernando Maya Basurto                 _____
Defendant                             Date